FILED
Aug 31, 2018
07:15 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS





## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | |
|---|---|
| ANGELA MCBRIDE, | ) Docket No. 2018-05-0287 |
|     Employee, | ) |
| v. | ) |
| MCMINNVILLE BOARDING, | ) |
| HOME FOR THE ELDERLY, INC. | ) State File No. 18025-2018 |
|     Employer, | ) |
| and | ) |
| BUILDERS MUT'L INS. CO., | ) |
|     Carrier. | ) Judge Robert Durham |

## EXPEDITED HEARING ORDER DENYING BENEFITS

This case came before the Court for an Expedited Hearing on August 15, 2018. The primary issue is whether Ms. McBride is entitled to medical care and temporary disability benefits as a result of an alleged work injury to her right shoulder. The Court holds Ms. McBride provided insufficient evidence to establish she is likely to prove a shoulder injury arising primarily out of her employment with McMinnville Boarding Home (MBH). Thus, it denies her request at this time.

### History of Claim

In 2011, Ms. McBride began working as a patient care coordinator for MBH, an assisted care facility, before the purchase of the business in 2013 by the current owners, Latesha Hillis and her husband. Ms. McBride's job duties involved record-keeping, coordinating medical care and charting for the patients, overseeing the nurses, and general managerial duties.

Ms. McBride asserted that on November 27, 2017, she was helping one of the nurses, Judy Tig, place a combative patient on a commode. Ms. McBride testified that the patient's struggles pushed her against the wall in the tiny bathroom, causing her right arm and shoulder to be pinned behind her. She suffered immediate pain in her right shoulder, and she yelled for Ms. Tig to "get [the patient] off me." Ms. McBride declared at the hearing that she never injured her right arm and she was certain that the incident was the source of her pain.

1

Ms. McBride testified that, later that day, Ms. Hillis came to the facility. Ms. McBride informed her that the patient became increasingly agitated and she hurt her shoulder trying to assist in the patient's care. Ms. McBride also stated that on November 28 or 29, she sat in the breakroom with other employees, including Ms. Tig, when she again told Ms. Hillis of her injury. She stated that her shoulder was so sore she could barely move it. To avoid trouble for her coworkers, she did not subpoena them to testify at the hearing.

Ms. McBride also alleged she told Ms. Hillis about her problems with her right shoulder several times over the next few months. This included an occasion when Ms. Hillis asked her to assist with patient showers, and she replied that she would have trouble doing so because of her right arm pain. However, Ms. McBride continued to work her regular duties following the alleged injury. She also conceded that, although her shoulder continued to hurt, she did not seek medical care, either through workers' compensation or on her own, while employed with MBH. Ms. McBride indicated she never filed a workers' compensation claim, for either herself or another employee, while working for MBH; however, she knew how to do so.

On January 22, 2018,[1] Ms. Hillis asked Ms. McBride if she would assist with housekeeping duties the next day, since MBH was short-staffed. She responded that she would try. The next morning, Ms. McBride stripped six beds at work before speaking with Ms. Hillis on the phone, apparently after Ms. Hillis talked with one of the nurses.[2] Ms. Hillis told her to dispense medicine but do nothing else until she arrived. After arriving, Ms. Hillis told Ms. McBride to go home. A few days later, Ms. McBride received a notice terminating her due to "insubordination." Ms. McBride testified the termination came as a complete surprise to her. She stated that she has not worked anywhere since, although she sought employment with several other health-care facilities.

Soon after her termination, Ms. McBride saw an orthopedist through her health insurance for her shoulder complaints, but she did not provide any medical records from that visit. In February, Ms. McBride received a panel from MBH and chose Fast Pace Urgent Care as the authorized provider. After examining Ms. McBride, Fast Pace providers ordered a cervical MRI; however, MBH denied her claim before she could undergo it.

---

[1] Ms. McBride testified that she could not recall whether her last day of work for MBH was January 16 or 23, but she conceded that it could have been on the 23rd as stated on the separation notice. Given that the actual date is of little relevance to the decision, the Court will consider the 23rd as her last day of work.

[2] In her affidavit attached to the PBD, Ms. McBride stated she exacerbated her shoulder injury when she stripped the beds. However, she did not testify to exacerbating her shoulder at the hearing or notifying anyone at MCB, nor did she discuss it in her recorded statement.

As part of its proof, MBH offered Ms. McBride's February 22, 2018 recorded statement. In the statement, Ms. McBride did not mention a conversation with Ms. Hillis regarding her shoulder injury on the day it occurred. She identified two other times other than in the breakroom when she notified Ms. Hillis that her right arm hurt, including the night before her last day of employment. Ms. McBride did not testify to these conversations at the hearing. Further, she did not mention in her statement or her testimony that she exacerbated her arm pain on the last day she worked.

MBH also offered Ms. Hillis' testimony, which was substantially different from Ms. McBride's. Ms. Hillis stated that, since she and her husband became owners of MBH, they experienced numerous problems with Ms. McBride's work. She cited multiple occasions when MBH failed inspections or produced inadequate reports under Ms. McBride's supervision, leading to censures and penalties from various regulatory agencies. She said Ms. McBride also had a spotty attendance record including last-minute absences, requiring Ms. Hillis to find someone to cover her duties. Ms. Hillis stated she attempted to address this issue with Ms. McBride, but Ms. McBride would not change her behavior. Ms. Hillis also testified that, in her last months of employment, Ms. McBride would refuse or complain when asked to cover for absent nurses. She said these acts of negligence and insubordination escalated, causing palpable tension. Ms. Hillis stated that, based on the growing acts of insubordination, she terminated Ms. McBride on January 23, 2018. Ms. McBride did not challenge any of the incidents described by Ms. Hillis, either through cross-examination or her own testimony.

As to the alleged accident, Ms. Hillis testified that, while Ms. McBride complained of the patient's combative behavior, she never informed her that she hurt her neck and arm while assisting the patient. In fact, she stated that the first time she received notice of an alleged injury was when the Bureau of Workers' Compensation ombudsman contacted her on February 20, 2018.

MBH also introduced a recorded statement from Ms. Tig as an exhibit without objection. In the statement, Ms. Tig remembered the November 2017 incident, but she could not recall Ms. McBride saying anything about hurting her neck and arm.

**Findings of Fact and Conclusions of Law**

Ms. McBride need not prove every element of her claim by a preponderance of the evidence to obtain relief at an Expedited Hearing. Instead, she must present sufficient evidence that she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2017); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

To prevail on causation, Ms. McBride must establish she suffered an accidental injury "caused by a specific incident, or set of incidents, arising primarily out of and in

3

the course and scope of employment," and "identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14)(A) (2017). The Court holds that she provided insufficient evidence to establish she is likely to prove causation at trial.

Here, Ms. McBride provided the only evidence that she suffered a work injury to her right shoulder and right arm. Other evidence presented at the hearing contradicts Ms. McBride's testimony. Ms. Hillis testified that she was not aware Ms. McBride claimed a work injury until after her termination, in contrast to Ms. McBride's testimony that she told her on the day it happened and the day after. Further, Ms. Tig was present when the alleged accident occurred, and while remembering the event, she could not remember Ms. McBride's complaints of injury then or the day after in the break room. Moreover, Ms. McBride did not call her coworkers as witnesses, despite the fact that others were present in the break room.

In addition, Ms. McBride did not seek any medical care until after her termination, several months after the alleged incident. Although she did eventually go to the doctor, she did not provide medical records from the unauthorized orthopedist. Ms. McBride also did not challenge any of the incidents cited by Ms. Hillis as reasons for her termination. Finally, the Court notes several material inconsistencies between Ms. McBride's testimony at the hearing, her affidavit, and her recorded statement.

Considering the record as a whole, the Court holds Ms. McBride is unlikely to prevail on the issue of causation at a hearing on the merits. Thus, Ms. McBride's claim for benefits is denied. Given this holding, the Court finds it unnecessary to decide the notice issue.

IT IS, THEREFORE, ORDERED that:

1. Ms. McBride's request for benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on October 11, 2018, at 10:00 a.m. C.S.T. The parties or their counsel must call 615-253-0010 or toll-free at 855-689-9049 to participate in the hearing. Failure to call may result in a determination of the issues without the party's participation.

**ENTERED AUGUST 31, 2018.**

**JUDGE ROBERT V. DURHAM**
**Court of Workers' Compensation Claims**

4

# APPENDIX

Technical Record

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Objection to Request for Hearing on the Record
5. Notice of Expedited Hearing
6. MBH Notice of Filing Exhibits
7. MBH's Supplemental Brief

Exhibits

1. First Report of Injury
2. Notice of Denial
3. Wage Statement
4. Choice of Physician Form
5. Fast Pace medical records
6. Ms. McBride's affidavit
7. Ms. Hillis' affidavit
8. Adjuster Andre Jackson's affidavit regarding recorded statements
9. Ms. McBride's recorded statement
10. Ms. Tig's affidavit
11. Separation Notice
12. Copy of paycheck

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on August 31, 2018.

| Name | Certified Mail | Email | Service sent to: |
|------|----------------|-------|------------------|
| Angela McBride, Self-represented Employee | X | X | 1300 Mount Zion Road McMinnville, TN 37110 Greyskies2018@outlook.com |
| Neil McIntire, Employer's Attorney | | X | nmcintire@howell-fisher.com |

Penny Shrum, Court Clerk
Court of Workers' Compensation Claims



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

RFA #: _____

Date of Injury: _____

SSN: _____

_____
**Employee**

_____
**Employer and Carrier**

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

**Statement of the Issues**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**Additional Information**
**Type of Case** [Check the most appropriate item]

    ☐ Temporary disability benefits
    ☐ Medical benefits for current injury
    ☐ Medical benefits under prior order issued by the Court

**List of Parties**
**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____At Hearing: ☐Employer ☐Employee


Appellee's Address: _____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellee ***


## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20__.



[Signature of appellant or attorney for appellant]    _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental   $ _____ per month

| | |
|---|---|
| Groceries   $ _____ per month | Telephone   $ _____ per month |
| Electricity   $ _____ per month | School Supplies $ _____ per month |
| Water   $ _____ per month | Clothing   $ _____ per month |
| Gas   $ _____ per month | Child Care   $ _____ per month |
| Transportation   $ _____ per month | Child Support   $ _____ per month |
| Car   $_____ per month | |
| Other   $ _____ per month (describe: _____ ) | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe:_____ |

11. My debts are:

Amount Owed              To Whom

_____     _____

_____     _____

_____     _____

_____     _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                      RDA 11082